# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMMY TERMITE PEST MANAGEMENT, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 07-cv-0499-MJR ) |
| ALLIED STEEL BUILDINGS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On December 4, 2007, Defendant, Allied Steel Buildings, filed a Motion for Reconsideration of the Court's November 26, 2007 Order remanding this action to State court. (Doc. 20). The Court found that it lacked subject matter jurisdiction because Defendant's notice of removal was not filed within thirty days after receipt by Defendant of a copy of the initial pleading. **28 U.S.C. § 1446(b)**.

Defendant moves the Court to reconsider its November 26th Order, asserting that the Notice of Removal was timely filed and, in the alternative, that Defendant had no notice of the Southern District of Illinois's requirement for immediate electronic uploading of the Notice of Removal.

The general statutory provision governing the availability of review of remand orders is 28 U.S.C. § 1447(d), which provides, with an exception not relevant herein: "An order remanding a case to the State court from which it was removed is *not reviewable on appeal or otherwise*, . . ."

1

(Emphasis added.)

Simply stated, under § 1447(d), once a federal district court remands a case, based on a defect in removal procedure or lack of subject matter jurisdiction, and sends a copy of its order to the State court, the district court is divested of all jurisdiction. *City of Valparaiso, Ind. v. Iron Workers Local Union No. 395,* **118 F.R.D. 466, 468 (N.D.Ind. 1987) (collecting cases)**. "[An] action must not ricochet back and forth depending upon the most recent determination of a federal court. . . . [T]here is no more reason for a district court being able to review its own decision, and revoke the remand, than for an appellate court requiring it to do so. Both are foreclosed: nothing could be more inclusive than the phrase 'on appeal or otherwise.' The district court has one shot, right or wrong." *Id.* **(quoting *In re Providencia Development Corp.*, 406 F.2d 251, 252-53 (1st Cir.1969))**.

A review of the record in this case reveals that a copy of the Court's remand was mailed to the State court on November 28, 2007. Defendant filed its motion for reconsideration six days later on December 4th. Thus, the Court lost all jurisdiction before Defendant's filing.

For the foregoing reasons, the Court **ORDERS** that Defendant's motion to reconsider is hereby **DENIED** and **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED this 11th day of December, 2007**

                                                             s/Michael J. Reagan
                                                          **MICHAEL J. REAGAN**
                                                          **United States District Judge**